DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and<br>PEOPLE OF THE VIRGIN ISLANDS,<br><br>        v.<br><br>DELROY A. THOMAS,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)    Criminal Action No. 2015-0039<br>)<br>)<br>)<br>)<br>) |

**Attorneys:**

**Alphonso G. Andrews, Jr., Esq.,**
St. Croix, U.S.V.I.
    *For the Government*

**Nizar DeWood, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

**Jenny L. Devine, Esq.,**
Tampa, FL
    *For Jason Navarro*

## MEMORANDUM OPINION AND ORDER

THIS MATTER came before the Court on May 5, 2016 for a hearing on the "Emergency Petition/Motion to Quash Writ of Habeas Corpus ad Testificandum of Jason Navarro" (Dkt. No. 60), filed by Jason Navarro—an incarcerated witness who has been ordered to be produced by a writ of habeas corpus ad testificandum to testify at a suppression hearing in this matter. Jenny L. Devine, Esq., appeared on behalf of Mr. Navarro, Alphonso G. Andrews, Jr., Esq., appeared on behalf of the Government, and Nizar DeWood, Esq., appeared on behalf of Defendant. Marshal Darin Cooper and Supervisory Deputy Marshal Michael Picou of the United States Marshals Service for the District of the Virgin Islands also appeared at the hearing. This Memorandum Opinion and Order memorializes, and provides the reasoning for, the Court's ruling denying Mr. Navarro's Motion to Quash, that was previously announced orally on the record at the May 5, 2016 hearing.

I.      BACKGROUND

Jason Navarro ("Mr. Navarro")—a witness who has been called by Defendant Delroy Thomas ("Defendant") to testify at a suppression hearing in this matter— was a confidential source for the Drug Enforcement Administration ("DEA") while he was a detainee at the Golden Grove Adult Correctional Facility ("Golden Grove") on St. Croix, Virgin Islands. (*See* Dkt. No. 60 at 2). Mr. Navarro is currently detained at the Pinellas County Jail in Tampa, Florida, and is charged by indictment in the District Court for the Middle District of Florida, Tampa Division, with one count of attempting to distribute and possess with intent to distribute more than 500 grams of cocaine, in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(B)(ii), and 846. (*See* 8:16-cr-0012-VMC-AEP; Dkt. No. 9).

On April 4, 2016, Defendant filed an "Amended Writ of Habeas Corpus ad Testificandum," in which he moved the Court to issue a writ of habeas corpus ad testificandum to the United States Marshal for the Middle District of Florida and the United States Marshal for the District of the Virgin Islands directing the United States Marshals to produce Mr. Navarro in St. Croix, Virgin Islands for an April 20, 2016 evidentiary hearing on Defendant's "Amended Motion to Suppress Statements and Recorded Phone Calls" (Dkt. No. 17). Defendant's motion for the writ was granted on April 4, 2016 by the Magistrate Judge of this Court (Dkt. No. 42), and a writ was issued by the Clerk's Office of this Court to the United States Marshals later that same day (Dkt. No. 43).

For reasons that are not clear from the record, Mr. Navarro could not be transported by the "prisoner transportation division" of the United States Marshals Service in time for the April 20, 2016 evidentiary hearing. (*See* Dkt. No. 44-1). Accordingly, the April 20, 2016 hearing was continued—by motion of Defendant (Dkt. No. 44)—to April 28, 2016 to accommodate Mr. Navarro's transportation (*see* Dkt. No. 47). However, on April 26, 2016, Defendant filed a motion to continue the April 28, 2016 evidentiary hearing and to schedule a status conference. (Dkt. No.

49). As grounds for the motion, counsel for Defendant, Nizar DeWood, Esq. ("Attorney DeWood"), stated that he "received notice from the U.S. Marshal's Office that the U.S. Attorney's Office in Florida . . . and Mr. Navarro's Florida based defense counsel [] formally objected to Navarro's testifying at the April 28, 2016 evidentiary hearing." (*Id*. at 1). Attorney DeWood further stated that the "U.S. Marshal's [O]ffice indicated that it would not be able to bring Mr. Navarro to testify on April 28, 2016." (*Id*. at 2).

Defendant's motion to continue the evidentiary hearing was granted and a status conference was held on April 28, 2016. (*See* Dkt. No. 50). At the status conference, Supervisory Deputy Marshal Michael Picou of the Marshals Service for the District of the Virgin Islands represented that the Marshals Service for the Middle District of Florida refused to release Mr. Navarro to the Marshals Service for the District of the Virgin Islands because of the objections to the Writ voiced by counsel for Mr. Navarro, Assistant Federal Public Defender Jenny L. Devine ("Attorney Devine") and the Assistant United States Attorney ("AUSA") assigned to Mr. Navarro's criminal case pending in the Middle District of Florida, Daniel Baeza, Esq. ("AUSA Baeza"). Faced with these representations, the Court, during the April 28, 2016 status conference, directed Attorney DeWood to contact Attorney Devine and AUSA Baeza to obtain clarification about their objections to the Writ as well as the refusal by the Marshals Service for the Middle District of Florida to release Mr. Navarro to the Marshals Service for the District of the Virgin Islands pursuant to the Writ issued by this Court.[1]

After speaking with both Attorney Devine and AUSA Baeza, Attorney DeWood represented to the Court that both attorneys objected to transporting Mr. Navarro to St. Croix, although the attorneys disavowed giving any instructions to the Marshals Service for the Middle

---

[1] The Court also directed AUSA Andrews to have the United States Attorney for the District of the Virgin Islands, Ronald W. Sharpe, Esq., contact the United States Attorney for the Middle District of Florida, and directed the Marshal for the District of the Virgin Islands, Darin Cooper, to contact the Marshal for the Middle District of Florida.

3

District of Florida not to release Mr. Navarro to the Marshals Service for the District of the Virgin Islands. Based on the representations made by counsel at the April 28, 2016 status conference, and the absence of any objections to the writ filed with this Court by either Attorney Devine or AUSA Baeza, the Court rescheduled the evidentiary hearing on Defendant's Amended Motion to Suppress and reissued a writ of habeas corpus ad testificandum directing the United States Marshals Service to produce Mr. Navarro for the continued hearing date of May 5, 2016. (Dkt. No. 52).

On May 2, 2016, Mr. Navarro filed, *inter alia*, an "Emergency Motion to Stay Writ of Habeas Corpus ad Testificandum of Jason Navarro Pending Hearing on Motion to Quash" (Dkt. No. 59) and the instant "Emergency Petition/Motion to Quash Writ of Habeas Corpus ad Testificandum of Jason Navarro" (Dkt. No. 60). The following day, the Court issued an Order granting Mr. Navarro's Motion to Stay the Writ, and scheduling a hearing on Mr. Navarro's Motion to Quash for May 5, 2016. (Dkt. No. 70). At the hearing, Mr. Navarro and the parties presented their respective positions on Mr. Navarro's Motion to Quash. The United States Marshals Service for the District of the Virgin Islands also addressed the issues at the hearing.

## II.     DISCUSSION

In the instant Motion to Quash, Mr. Navarro moves, pursuant to Rule 17(c)(2) of the Federal Rules of Criminal Procedure, to quash and/or modify the Writ of Habeas Corpus ad Testificandum entered by the Court on April 28, 2016 (Dkt. No. 52). Rule 17(c)(2) provides: "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." FED. R. CRIM. P. 17(c)(2). Although Rule 17 provides for the issuance of a subpoena for the testimony of a witness, and a writ of habeas corpus ad testificandum directs the custodian of an incarcerated witness to produce the prisoner to give testimony, the Third Circuit has stated that "when a defendant in a criminal case requests the issuance of a writ of habeas corpus

4

ad testificandum, constitutional considerations and the procedural considerations of Federal Rule of Criminal Procedure 17[] both apply." *United States v. Cruz-Jiminez*, 977 F.2d 95, 99 (3d Cir. 1992).

Mr. Navarro has raised several grounds to quash or modify the Writ issued in this case, none of which the Court deems sufficient to warrant the relief requested.

### A. Fifth Amendment

In the instant Motion, Mr. Navarro asserts that "if called to testify [he] may be in the untenable position of exposing himself to federal charges[.]" (Dk. No. 60 at 3).[2] Mr. Navarro further asserts that any testimony he may provide at the evidentiary hearing in this case "directly impacts his pending federal case in Tampa[.]" (*Id.*).[3] Thus, Mr. Navarro states that he "will invoke his Fifth Amendment right to remain silent should he be called to testify in St. Croix." (*Id.*). He further states that "if this Court does not modify the Writ previously ordered and allow testimony and/or depositions to occur without the cost and risk associated with [his] transport, all will have been done, for-not [sic], as no testimony will be provided and the endeavor useless to the resolution of the matter." (*Id.* at 9).

The Fifth Amendment privilege against self-incrimination protects a "witness as fully as it does one who is also a party defendant." *National Life Ins. Co. v. Hartford Accident and Indemnity Co.*, 615 F.2d 595, 598 (3d Cir. 1980) (quoting *McCarthy v. Arndstein*, 266 U.S. 34, 40 (1924) (internal quotation marks omitted)). However, "the Fifth Amendment only applies where a witness is asked 'to give testimony which may possibly expose him to a criminal charge.'" *In re Grand*

---

[2] Based on the representations made at the hearing, it appears that the DEA may be reviewing allegations involving possible obstruction of justice by Mr. Navarro.

[3] Counsel for Mr. Navarro argued at the May 5, 2016 hearing that Defendant may call into question Mr. Navarro's credibility at the evidentiary hearing by asking about his pending drug case in the Middle District of Florida. Both counsel for Defendant and the Government stated that no questions will be asked at the evidentiary hearing about Mr. Navarro's pending drug case.

5

*Jury*, 111 F.3d 1083, 1086 (3d Cir. 1997) (quoting *Ullmann v. United States*, 350 U.S. 422, 431 (1956)). Therefore, a witness cannot "relieve himself of the duty to answer questions that may be put to him by a mere blanket invocation of the [Fifth Amendment] privilege." *Nat'l Life Ins.*, 615 F.2d at 598.

The Third Circuit has explained that the Fifth Amendment "shields against compelled self-incrimination, not legitimate inquiry, in the truth-seeking process." *Nat'l Life Ins.*, 615 F.2d at 598. In *Hoffman v. United States*, 341 U.S. 479 (1951), the Supreme Court stated that the protection afforded by the Fifth Amendment

> must be confined to instances where the witness has reasonable cause to apprehend danger from a direct answer. The witness is not exonerated from answering merely because he declares that in so doing he would incriminate himself—his say-so does not of itself establish the hazard of incrimination. It is for the court to say whether his silence is justified, and to require him to answer if it clearly appears to the court that he is mistaken.

*Nat'l Life Ins.*, 615 F.2d at 598 (quoting *Hoffman*, 341 U.S. at 486) (internal citations and quotation marks omitted)). Accordingly, a "witness must appear and assert the [Fifth Amendment] privilege as specific questions are asked." *Id*. at 599.

At the hearing held on May 5, 2016, counsel for Mr. Navarro agreed with the Court that the governing law provides that Mr. Navarro cannot voice a blanket refusal to testify under the Fifth Amendment. Instead, he must present himself for questioning at the evidentiary hearing, and as to each question elect to assert or not to assert the Fifth Amendment privilege. *See id*. If Mr. Navarro elects to assert the privilege "as specific questions are asked," the Court will then assess whether invocation of the privilege by Mr. Navarro is justified. *Id*. at 598-99. Accordingly, Mr. Navarro's right to assert the Fifth Amendment privilege is not a basis upon which this Court will grant the Motion to Quash the April 28, 2016 Writ.

### B. Sixth Amendment

In his Motion to Quash the Writ, Mr. Navarro asserts that, due to the impact his testimony in this case will have on his pending criminal case in the Middle District of Florida, he will invoke his Sixth Amendment right to have counsel present during the evidentiary hearing. (Dkt. No. 60 at 3). Mr. Navarro further asserts that the fact that he may be subject to federal charges for his conduct in this case is an additional ground for him to invoke his Sixth Amendment right to counsel. (*Id*. at 9).

In support of these assertions, Mr. Navarro contends that his current counsel in Florida, Attorney Devine, is "the only attorney versed in what is in [Mr. Navarro's] best interests in his pending case[.]" (*Id*. at 4). Therefore, "she should be present during any questioning." (*Id*.). Attorney Devine has represented that "[a]rrangements could be made for [her] to accompany [Mr. Navarro] to the Virgin Islands to represent him[.]" (*Id*.). However, "due to the nature of her employment, special permission must be obtained from the U.S. Court's Administrative Office," and "[t]his process could take between 6 and 8 weeks." (*Id*.).

The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. CONST. amend. VI. This right to counsel guaranteed by the Sixth Amendment generally includes the right to counsel of choice. *See United States v. Tinsley*, 172 F. App'x 431, 437 (3d Cir. 2006) (citing *Powell v. Alabama*, 287 U.S. 45, 53 (1932)); *see also United States v. Voigt*, 89 F.3d 1050, 1074 (3d Cir. 1996). However, "the right to counsel of choice does not extend to defendants who require counsel to be appointed for them." *United States v. Gonzalez-Lopez*, 548 U.S. 140, 151 (2006) (citations omitted); *see also Caplin & Drysdale v. United States*, 491 U.S. 617, 624 (1989) ("The [Sixth] Amendment guarantees defendants in criminal cases the right to adequate representation, but those who do not

have the means to hire their own lawyers have no cognizable complaint so long as they are adequately represented by attorneys appointed by the courts.").

Here, Mr. Navarro has requested the presence of his Florida-based counsel, Attorney Devine, at the suppression hearing to represent him. At the May 5, 2016 hearing, Mr. Navarro argued that he has a right to have "informed counsel" present during his testimony, and that, because Attorney Devine is the most familiar with his pending criminal case in Florida and his "complicated" status as a cooperator in this case and others, she is best suited to represent him at the evidentiary hearing. Mr. Navarro also argued that, because Attorney Devine had a conversation with the DEA case agent in this case about any potential criminal charges against Mr. Navarro, she is best able to raise any Fifth Amendment objections.

While the Court agrees that Attorney Devine would be the most familiar with Mr. Navarro's pending criminal case in the Middle District of Florida, it appears to the Court that the Florida case would be tangential, at best, to the instant matter.[4] In any event, Mr. Navarro does not have the right to appointed counsel of his choice, *see Gonzalez-Lopez*, 548 U.S. at 151, and the Court will not delay this proceeding for the 6 to 8 weeks that Attorney Devine represents may be necessary to obtain approval for her travel from the Administrative Office for the United States Courts. Moreover, the Court is confident that appointed counsel here in the District of the Virgin Islands would be able to adequately represent Mr. Navarro's interests after familiarizing himself or herself with the issues relevant to the matter before the Court. Accordingly, the Court will proceed with the appointment of counsel and facilitate counsel's interaction with Attorney Devine so as to ensure that Mr. Navarro's Sixth Amendment rights will be protected in the event that Attorney Devine is unable to secure travel approval by the date of the rescheduled suppression

---

[4] Counsel for Defendant, Attorney DeWood, has represented both in his written submission and at the May 5, 2016 hearing that he does not intend to inquire about Mr. Navarro's pending criminal case in Florida. (*See* Dkt. No. 63 at 2).

hearing.[5] Mr. Navarro's Sixth Amendment right to counsel is, therefore, not a basis upon which this Court will grant his Motion to Quash the April 28, 2016 Writ.

### C. Safety

As noted above, Mr. Navarro was a confidential source for the DEA while he was a detainee at Golden Grove. (*See* Dkt. No. 60 at 2). In the instant Motion to Quash, Mr. Navarro states that "[t]he confidential work [he] did for the [DEA] agents involved extremely dangerous situations and individuals, many of whom now know that [he] cooperated against them during federal investigations." (*Id*.). Specifically, Mr. Navarro states that there have been legitimate death threats made to him by "organizations capable of accomplishing lethal violence against [him] whether or not he is in protective custody in St. Croix." (*Id*. at 2-3). Mr. Navarro "has legitimate fears that his life will be in jeopardy if he is returned to St. Croix." (*Id*. at 2).

Given Mr. Navarro's role as a confidential source for the DEA in this case and others, the Court is sensitive to the safety concerns raised by Mr. Navarro, and the need to address the safety issues associated with his appearance for the suppression hearing. Based on the representations made at the May 5, 2016 hearing by Marshal Darin Cooper of the United States Marshals Service for the District of the Virgin Islands, the Court concludes that Mr. Navarro's safety concerns can be addressed through the efforts of the Marshals Service, including its work with other law enforcement authorities, to provide Mr. Navarro appropriate transportation and housing. Accordingly, while the Court appreciates the safety concerns raised by Mr. Navarro, the Court will not grant Mr. Navarro's Motion to Quash the April 28, 2016 Writ on that basis.

---

[5] As requested by Attorney Devine on May 5, 2016, the Court appointed Glenda Cameron, Esq., who previously represented Mr. Navarro in this Court, to represent him in the instant matter. On that same date, the Clerk's Office provided each counsel with contact information for the other counsel. Appointed counsel, therefore, has more than ample time to prepare for the upcoming suppression hearing on May 24, 2016.

### D. Prejudice

In the instant Motion to Quash, Mr. Navarro argues that he will be prejudiced if he is "removed outside the [Middle District of Florida] pending trial or sentencing in his [federal criminal] case." (Dkt. No. 60 at 5). Mr. Navarro states that he is set for jury trial in the Middle District of Florida and that he has waived his speedy trial rights through October 31, 2016. (*Id*. at 4). Mr. Navarro explains that he "waived speedy trial with the understanding that he would be physically present in the [Middle District of Florida] working toward a resolution in his own pending federal case." (*Id*.). He contends that his "absence from the [Middle District of Florida] for any period of time will negatively impact his ability to assist in his own defense"—including "preparation for trial, plea negotiations and mitigation against what will be a 5-year mandatory minimum penalty if convicted as charged." (*Id*. at 4-5).

By Order of the Court, the suppression hearing in this matter has been rescheduled for May 24, 2016. (*See* Dkt. No. 76). In view of the relatively narrow scope of Defendant's Amended Motion to Suppress, the Court does not anticipate that the evidentiary hearing will take more than one or two days. Accordingly, it is also not anticipated by the Court that Mr. Navarro's time away from the Middle District of Florida will be so lengthy as to interfere with the needs of the Florida case. The Court will not, therefore, grant Mr. Navarro's Motion to Quash the April 28, 2016 Writ on the basis that requiring Mr. Navarro to be physically present for the evidentiary hearing will adversely impact his ability to prepare for, and participate in the mitigation of, his criminal case in the Middle District of Florida.

### E. Video Conferencing

In his Motion to Quash, Mr. Navarro proposes an alternative to compelling his in-person presence at the evidentiary hearing. Mr. Navarro states that "judicial resources are best preserved by allowing [him] to appear by way of closed-circuit video conferencing" or requiring him "to

10

submit to a deposition, also conducted via closed-circuit video conferencing." (Dkt. No. 60 at 5). At the May 5, 2016 hearing, Mr. Navarro argued that video conferencing will alleviate his Sixth Amendment concerns because Attorney Devine will be able to be physically present with him during questioning, as well as alleviate his safety concerns because he will not be on St. Croix. Both Defendant and the Government oppose the use of video conferencing for the suppression hearing, arguing that questioning a witness by video conferencing does not provide as effective a means of examination as when the witness is questioned in person.

Having considered the arguments of Mr. Navarro and the parties, the Court notes that "the Constitution guarantees criminal defendants a meaningful opportunity to present a complete defense," *United States v. Quinn*, 728 F.3d 243, 252 (3d Cir. 2013), which includes "the right to offer testimony of witnesses and to compel their attendance, if necessary," *United States v. Cruz-Jiminez*, 977 F.2d 95, 100 (3d Cir. 1992) (citing *Washington v. Texas*, 388 U.S. 14, 18-19 (1967)); *see also* U.S. CONST. amend. VI ("In all criminal prosecutions, the accused shall enjoy the right . . . to have compulsory process for obtaining witnesses in his favor[.]"). Because, as discussed above, Mr. Navarro's Fifth Amendment, Sixth Amendment, and safety concerns can be adequately addressed, the Court will require Mr. Navarro to appear at the evidentiary hearing in-person, and deny his request to appear via video conferencing.

### III. CONCLUSION

For the foregoing reasons, and for the reasons stated on the record at the May 5, 2016 hearing, the Court will deny Mr. Navarro's Motion to Quash the April 28, 2016 Writ, and require him to appear in-person at the May 24, 2016 evidentiary hearing.

## **ORDER**

**UPON CONSIDERATION** of the foregoing, and for the reasons stated on the record at the May 5, 2016 hearing, it is hereby

**ORDERED** that the "Emergency Petition/Motion to Quash Writ of Habeas Corpus ad Testificandum of Jason Navarro" (Dkt. No. 60) is **DENIED**.

**SO ORDERED**.

Date:  May 11, 2016                                                _____/s/_____
                                                                                    WILMA A. LEWIS
                                                                                    Chief Judge