# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> PEOPLE OF THE VIRGIN ISLANDS ) <br> ) <br> v. ) <br> ) <br> DELROY THOMAS, ) <br> ) <br> Defendant. ) <br> _____) | Criminal Action No. 2015-0039 |

**Attorneys:**
**Alphonso G. Andrews, Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, U.S.V.I.
    *For the United States*

**Martial A. Webster, Esq.,**
St. Croix, U.S.V.I.
    *For Defendant*

## ORDER

**THIS MATTER** comes before the Court on the Government's "Motion for Leave to File Document Under Seal." (Dkt. No. 278). In its Motion, the Government requests that the Court grant its motion to "file a document under seal" without describing the nature of the document or the reasons the document should be filed under seal.

It is well-settled law that there exists "a common law public right of access to judicial proceedings and records." *In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001) (citation omitted). "When a party files a motion to seal, he or she must demonstrate that 'good cause' exists for protection of the material at issue." *Ragbir v. United States*, 2018 WL 3972921, at *1 (D.N.J. Aug. 20, 2018) (citing *E.E.O.C. v. Kronos Inc.*, 620 F.3d 287, 302 (3d Cir. 2010)). "Good cause is established on a showing that disclosure will work a clearly defined and serious injury to the

party seeking closure. The injury must be shown with specificity." *Id.* (*quoting Pansy v. Borough of Stroudsburg*, 23 F.3d 722, 786 (3d Cir. 1994)).

Similarly, "[t]he First Amendment right of access to criminal proceedings is firmly established." *United States v. Smith*, 123 F.3d 140, 146 (3d Cir. 1997) (citing *Richmond Newspapers, Inc. v. Virginia*, 448 U.S. 555 (1980)). "[F]or a district court to seal a criminal proceeding or records, 'particularized findings must be made on the record in each case, (1) establishing the existence of a compelling governmental interest, and (2) demonstrating that absent limited restrictions upon the right of access, that other interest would be substantially impaired.'" *Id.* at 147 (quoting *United States v. Antar*, 38 F.3d 1348, 1359 (3d Cir. 1994)). Thus, "where a right of access exists, the proponent of closure bears a strong burden in rebutting the 'presumption of openness.'" *Antar*, 38 F.3d at 1362.

Because the Government has provided no information upon which the Court can determine whether the presumption of openness has been rebutted, the Court will deny the Motion without prejudice.

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion for Leave to File Document Under Seal" is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED.**

Date: June 26, 2019 _____/s/_____
WILMA A. LEWIS
Chief Judge