# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> PEOPLE OF THE VIRGIN ISLANDS ) <br> ) <br> v. ) <br> ) <br> DELROY A. THOMAS, ) <br> ) <br>                Defendant. ) <br> ) | Criminal Action No. 2015-0039 |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, USVI
    *For the Government*

**Martial A. Webster, Esq.,**
St. Croix, USVI
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Government's "Emergency Motion to Quash Writ of Habeas Corpus Ad Testificandum" ("Emergency Motion"), filed on July 1, 2019 (Dkt. No. 291), to which Defendant responded orally at the pretrial conference held on July 2, 2019. For the reasons discussed below, the Court will deny the Government's Emergency Motion.

### I.     BACKGROUND

In its Emergency Motion, the Government requests that the Court quash the Writ of Habeas Corpus Ad Testificandum issued on June 24, 2019 for Robert Brown ("Brown") (Dkt.

No. 277), whom Defendant intends to call as a witness at trial. The Government argues that the writ should be quashed because Defendant has failed to make a showing that Brown's testimony is "necessary" as required by 28 U.S.C. § 2241(c)(5). (Dkt. No. 291 at 2-3). The Government contends that Defendant's meager assertion that Brown is an "important witness" is insufficient to satisfy the showing required by law. *Id*. at 2.

On July 2, 2019, during the pretrial conference in this matter, the Court held oral argument on the Emergency Motion. Because both parties expressed the need to communicate with the Court *ex parte* to convey sensitive information in further support of their respective positions, the Court held separate *ex parte* discussions with the parties. In those discussions, the parties further amplified their positions with information regarding the Government's concerns and the defense trial strategy.

## II. DISCUSSION

Under 28 U.S.C. § 2241(c)(5), a federal court may, in its discretion, issue a writ of habeas corpus ad testificandum to secure the appearance of a state or federal prisoner as a witness in federal court. Section 2241(c)(5) states that "[t]he writ of habeas corpus shall not extend to a prisoner unless . . . [i]t is necessary to bring him into court to testify or for trial." The court's discretion is limited by the constitutional considerations provided under the Sixth Amendment which gives a defendant the right to offer testimony of favorable witnesses and a process in which to compel their appearance. *United States v. Cruz-Jiminez*, 977 F.2d 95, 100 (3d Cir. 1992). A criminal defendant seeking issuance of a writ of habeas corpus ad testificandum bears the burden of proving the necessity of that witness' testimony. *Id*. at 103.

Whether a prisoner witness is "necessary" under 28 U.S.C. § 2241(c)(5) will "depend[] on the nature of the testimony he is likely to give in relation to the substantive law governing the particular offense charged." *Id*. at 100. "If the witness's likely testimony is material to a defense that a defendant has properly raised, the witness's testimony becomes relevant and material and the accused is entitled to secure the witness's attendance." *Id*.; *see also United States v. Murphy*, 460 F. Appx 122, 125 (3d Cir. 2012). However, "[i]f the witness's testimony is only peripherally relevant, cumulative or otherwise insignificant, or if the other evidence against the defendant is so overwhelming that the proffered testimony could not affect the outcome," then the testimony cannot be considered material and therefore the issuance of a writ is not required. *Id*. Further, in ruling on whether a writ is appropriate, the court should also consider other factors, including "any potential danger or security risk," which the prisoner witness would pose to the court. *The Choice is Yours, Inc. v. Williams*, 2018 WL 661528, at *1 (E.D. Pa. Jan. 31, 2018) (citing *Cruz-Jiminez*, 977 F.2d at 104).

After considering the arguments presented in the Government's written submission, and by the parties in open court and *ex parte*, the Court finds that Defendant has sufficiently stated reasons to render Brown a "necessary" witness under 28 U.S.C. § 2241(c)(5), therefore justifying the issuance of the writ in this matter. Specifically, the Court finds that, as proffered by defense counsel, Brown's testimony will be material to the defense on the issue of Defendant's intent as it relates to some of the charged offenses. Further, the Court is of the view that the concerns expressed by the Government can be sufficiently addressed through the efforts of the United States Marshals Service, together with appropriate coordination with the trial schedule. Accordingly, the Court will deny the Government's Emergency Motion.

***

# ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Emergency Motion to Quash Writ of Habeas Corpus Ad Testificandum" is **DENIED**; and it is further

**ORDERED** that, based on the discussions with the parties during the pretrial conference held on July 2, 2019, the Court's "Writ of Habeas Corpus Ad Testificandum," issued on June 24, 2019 for Robert Brown is **AMENDED** to direct the United States Marshal for the District of the Virgin Islands, or his deputy, to produce Brown on **JULY 12, 2019**,[1] to testify as a witness in the trial of this matter, and, after having so testified, to return Brown to the custody of the Warden of the Metropolitan Detention Center Guaynabo.

**SO ORDERED**.

Date: July 5, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge

---

[1] The writ that was previously issued ordered that Brown be produced for trial in this case on July 8, 2019. (Dkt. No. 277 at 1).