# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA and ) <br> PEOPLE OF THE VIRGIN ISLANDS ) <br> ) <br> v. ) <br> ) <br> DELROY A. THOMAS, ) <br> ) <br>          **Defendant.** ) <br> _____) | Criminal Action No. 2015-0039 |

**Attorneys:**
**Alphonso G. Andrews, Jr., Esq.,**
**Rhonda Williams-Henry, Esq.,**
St. Croix, USVI
    *For the Government*

**Martial A. Webster, Esq.,**
St. Croix, USVI
    *For Defendant*

## MEMORANDUM OPINION

**Lewis, Chief Judge**

THIS MATTER comes before the Court on the Government's "Motion in Limine re Impeachment Evidence" ("Motion in Limine") (Dkt. No. 186); the Government's "Motion for Ruling Re Discovery" ("Motion for Ruling") (Dkt. No. 292); Defendant's "Response to Government's Motion for Ruling Re Discovery" (Dkt. No. 294); the Government's "Supplemental Briefing re Impeachment Material/Discovery Ruling" (Dkt. No. 296); and Defendant's "Arguments and Supporting Authority in Support of Response to Government's Motion for Ruling Re Discovery" (Dkt. No. 297). For the reasons discussed below, the Court

will grant the Government's Motion for Ruling and deny its Motion in Limine as moot.[1]

### I.  Background

On December 15, 2015, Defendant Delroy A. Thomas ("Defendant") was charged by Indictment with the following counts: (1) Use of Interstate Commerce Facility in Commission of Murder for Hire, in violation of 18 U.S.C. § 1958(a); (2) Attempted Murder First Degree, in violation of 14 V.I.C. § 922(a)(1); (3) Attempted Retaliation Against A Witness, in violation of 14 V.I.C. § 1510(a)(1); and (4) Possession of Prison Contraband, in violation of 18 U.S.C. § 1709(a)(2). (Dkt. No. 1). The evidence against Defendant in this matter was obtained in large part through Jason Navarro ("Navarro"), a Confidential Informant ("CI") for the Drug Enforcement Administration ("DEA") who participated in recorded conversations with Defendant allegedly implicating Defendant in a plot to murder two witnesses in a separate criminal matter filed against him in the Superior Court of the Virgin Islands.[2] The recorded conversations took place from March 9, 2015 to March 11, 2015, while Navarro and Defendant were detained at the Golden Grove Correctional Facility on St. Croix. On June 24, 2019, the Court granted Defendant's "Motion for Writ of Habeas Corpus Ad Testificandum" for Navarro (Dkt. No. 272), and a writ was issued (Dkt. No. 276).

By its Motion for Ruling, the Government seeks a ruling from the Court that the

---

[1] The Court stated orally at the commencement of the trial in this matter on July 9, 2019 that it was granting the Government's Motion for Ruling and thus finding that the Government had no obligation to disclose the documents requested by Defendant. The Court stated that its rationale for the ruling would follow. This Memorandum Opinion contains the Court's rationale.

[2] The Court provides this information solely for the purposes of this pretrial motion, ever mindful that Defendant Thomas is presumed innocent until proven guilty. Most of the facts discussed herein are alleged, but at this stage not conceded or proven beyond a reasonable doubt to the factfinder.

Government need not provide certain documents which Defendant is requesting regarding Navarro. (Dkt. No. 292 at 1).[3] These documents consist of: Navarro's CI agreement; his criminal history; pre-sentence reports; police reports; guilty plea transcripts; judgment and commitment forms; drug tests results; records of agents working with Navarro; and Navarro's CI reports. (Dkt. No. 263 at 1).[4] In his "Response to Government's Motion for Ruling Re Discovery" and his "Arguments and Supporting Authority in Support of Response to Government's Motion for Ruling Re Discovery," Defendant lists additional information that he is seeking from the Government, including: the names of any and all reporting persons, informants, or witnesses providing information to law enforcement regarding this case; any and all promises of payment written or oral made to such persons as part of this or any other case in which they have provided information; all promises of any other benefit written or oral made to such persons; all promises of immunity, leniency, preferential treatment, or other inducements made to such persons as part of this case or any other case in which they have provided information; all writings or memoranda which contain any of the promises of remuneration, leniency, immunity, preferential treatment, or other inducements made; any record of payment of local, state, or federal funds made to such persons; and all information regarding any such person's prior testimony in this or

---

[3] Prior to filing the instant Motion for Ruling, and before Defendant filed his "Motion for Writ of Habeas Corpus Ad Testificandum" for Navarro (Dkt. No. 270), the Government had filed its "Motion in Limine Re Impeachment Evidence" (Dkt. No. 186) seeking to preclude Defendant from introducing any evidence intended to impeach Navarro on the grounds that the Government did not intend to call Navarro as a witness. The Motion in Limine has now been subsumed by the Government's Motion for Ruling, filed after the writ for Navarro was issued and after Defendant made demands for materials in his filings with the Court.

[4] Defendant lists these documents in his "Response to Government's Motion in Limine Re: Admission of Audio Recordings," filed on June 21, 2019. (Dkt. No. 263 at 1).

any other proceeding in which they have acted as a witness and/or informant. (Dkt. No. 294 at 5; Dkt. No. 297 at 1-2).[5] The Government argues that Defendant is not entitled to any of this material as the Government has no obligation to provide purported impeachment information to Defendant for a defense witness—namely, Navarro. (Dkt. No. 296 at 3).

In opposition, Defendant argues that he is entitled to such material. First, Defendant asserts that the information pertaining to Navarro is critical to him in order to "prepare a proper defense." (Dkt. No. 263 at 2).[6] Defendant claims that denial of his request for such material violates his due process rights under *Brady* and *Giglio*. (Dkt. No. 297 at 2-3). Further, Defendant claims that information about a reward or inducement provided to a CI like Navarro "bears directly on the question of the credibility of these individuals and is absolutely essential to the defense of this case." (Dkt. No. 294 at 4). Finally, Defendant argues that he should obtain this material as it would assist him in his impeachment of DEA Special Agent Tracey Gardner ("SA Gardner"), a Government witness and Navarro's handler who recorded the conversations between Navarro and Defendant. (Dkt. No. 297 at 3).

---

[5] Defendant lists this material in both his "Response to Government's Motion for Ruling Re Discovery" (Dkt. No. 294 at 5) and his "Arguments and Supporting Authority in Support of Response to Government's Motion for Ruling Re Discovery" (Dkt. No. 297 at 1-2), thus making his responses more like motions to compel. The Court understands these requests as pertaining solely to Navarro.

[6] Defendant claims that Navarro was not "merely an informant," but that he was placed in Defendant's cell "specifically to entice Defendant" to participate in the alleged murder for hire plot and that Navarro even recruited his girlfriend, Alexianna Charles, to assist in paying the hitman who, in turn, would have executed the murder of the witnesses Defendant allegedly targeted. (Dkt. No. 294 at 4).

4

## II. DISCUSSION

### A. Applicable Legal Principles

Generally, governmental disclosure of evidence in criminal cases is governed by Federal Rule of Criminal Procedure 16(a), as well as "additional material being discoverable in accordance with statutory pronouncements and the due process clause of the Constitution." *United States v. Ramos,* 27 F.3d 65, 68 (3d Cir. 1994). These other materials "are limited to the Jencks Act and materials available pursuant to the *Brady* doctrine." *Id.*

Under *Brady*, due process requires that the government disclose evidence favorable to the defendant that is material either to guilt or punishment, *United States v. Moreno,* 727 F.3d 255 (3d Cir. 2013) (citing *Brady*, 373 U.S. at 87), and this includes exculpatory and impeachment evidence. *United States v. Walker,* 657 F.3d 160, 184–85 (3d Cir. 2011) (*citing United States v. Bagley,* 473 U.S. 667 (1985) (impeachment as well as exculpatory evidence falls within *Brady* rule)). "Evidence is material 'only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different.'" *United States v. Friedman*, 658 F.3d 342, 357–58 (3d Cir. 2011) (quoting *Bagley*, 473 U.S. at 682).

Further, the Supreme Court in *Giglio v. United States*, 405 U.S. 150 (1971) explained that *Brady* requirements include an obligation that the Government disclose any impeachment information that it possesses regarding its own witnesses, such as promises for leniency made in return for testimony. *Giglio*, 405 U.S. at 154-155. *Giglio* has been applied in the Third Circuit to require the government to "disclose materials that go to the question of guilt or innocence as well as materials that might affect the jury's judgment of the credibility of a crucial *prosecution witness*." *Friedman*, 658 F.3d at 357 (emphasis added). Such disclosure is required when the

reliability of that witness bears heavily on a criminal defendant's guilt or innocence. *Felix v. Gov't of Virgin Islands*, 47 V.I. 573, 583, 2005 WL 3077599, at *6 (D.V.I. 2005) (appeal from Territorial Court).

"However, there is no requirement that the government must disclose to the defense that material which would allow the defendant to impeach his own witness." *United States v. Kimley*, 60 F. App'x 369, 371 (3d Cir. 2003); *Vas v. United States*, 2012 WL 3651105, at *5 (E.D. Pa. Aug. 24, 2012) (finding that "while a defendant has the right to impeach his own witnesses, the government is not obligated to produce non-exculpatory materials which can be used to impeach the truthfulness of a defense witness"); *see also United States v. Felix*, 2014 WL 5872824, at *4 (N.D. Cal. Nov. 12, 2014), *aff'd,* 663 F. App'x 557 (9th Cir. 2016) (listing cases).

### B. Analysis

Here, Defendant argues that, in failing to produce certain documents pertaining to Navarro's status as a CI, the Government violated *Brady* and *Giglio*, as information contained in those documents is material to his defense. Defendant's arguments are unpersuasive.

First, the Court finds that Defendant has not made an adequate showing that these discovery materials pertaining to Navarro which he seeks to obtain from the Government are exculpatory. Instead, Defendant meagerly contends that these materials are important so that he can "prepare a proper defense." (Dkt. No. 263 at 2). To the extent that Defendant claims that such documents and information are material on the issue of Defendant's intent as it relates to some of the offenses charged against him in this matter, the Court has not found any coherent or tangible argument from Defendant as to how this is so. Without any further explanation by Defendant, any such contention is, at most, speculation on Defendant's behalf. *Morton v. Ricci*,

338 F. App'x 182, 185 (3d Cir. 2009) ("Mere speculation that suppressed evidence might favor the defense is insufficient to trigger a *Brady* violation.").

Second, the *Giglio* obligation to disclose impeachment evidence is limited only to a government witness, and does not extend to a witness for the defense. *Kimley*, 60 F. App'x at 371 (holding that the government was not required to disclose information regarding its cooperating witness for impeachment purposes where the cooperating witness was called by the defense); *see also United States v. Garcia-Martinez*, 730 F. App'x 665, 678 (10th Cir.), *cert. denied,* 139 S. Ct. 465, 202 L. Ed. 2d 362 (2018) (finding that the government is not obligated to disclose information pertaining to an informant for impeachment purposes because the informant was a defense witness); *Felix*, 2014 WL 5872824 at *4 (holding that the government is not required under *Brady or Giglio* to produce impeachment material concerning informants who are witnesses for the defense, and not for the government) (listing cases). Here, the Government has already stated that it will not call Navarro as a witness. Instead, because of Defendant's expressed desired to call Navarro as his witness, Navarro is a defense witness. Therefore, the Government has no obligation to provide impeachment material with respect to Navarro. That Defendant seeks precisely such material here is confirmed by his statement that such information "bears directly on the question of the credibility of [CI's like Navarro] and is absolutely essential to the defense of this case." (Dkt. No. 294 at 4).

Finally, Defendant has also not sufficiently explained how the discovery materials pertaining to Navarro would impeach SA Gardner, a Government witness. Instead, Defendant merely asserts that he has "the right to use the very information he is requesting with respect to [Navarro] to impeach Agent Gardner as the agent who supervised [Navarro], activated [him],

7

participated in the recordings, and investigated this case." (Dkt. No. 297 at 3). Such assertion does not, however, demonstrate how Navarro's documents would serve to undermine SA Gardner's credibility for impeachment purposes.

For the foregoing reasons, the Court will grant the Government's Motion for Discovery Ruling and hold that the Government has no obligation to disclose the documents Defendant is seeking as it relates to Navarro, and deny the Government's Motion in Limine as moot in light of that ruling. Further, to the extent that Defendant's responses to the Government's motions are to be considered a motion to compel discovery, the Court will deny such a motion.

***

### ORDER

**UPON CONSIDERATION** of the foregoing, it is hereby

**ORDERED** that the Government's "Motion for Ruling Re Discovery" ("Motion for Ruling") (Dkt. No. 292) is **GRANTED**; and it is further

**ORDERED** that the Government has no obligation to disclose the documents Defendant is seeking as they relate to Navarro; and it is further

**ORDERED** that, in light of this ruling, the Government's "Motion in Limine re Impeachment Evidence" (Dkt. No. 186) is **DENIED AS MOOT**; and it is further

**ORDERED** that, to the extent Defendant has made a motion to compel documents pertaining to Navarro, Defendant's Motion to Compel is **DENIED**.

**SO ORDERED**.

Date: July 16, 2019

_____/s/_____
WILMA A. LEWIS
Chief Judge